Slip Op. 07-78

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br><br>        v.<br><br>UNIVERSAL FRUITS AND VEGETABLES CORPORATION; DAVID PAI, a/k/a SHIN WEI PAI; and JASON PAI, a/k/a CHUNG SHENG PAI,<br><br>                Defendants. | Before: Gregory W. Carman, Judge<br><br>Court No. 04-00431 |

[Defendants' application for fees pursuant to the Equal Access to Justice Act is DENIED for lack of jurisdiction.]

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Alan J. Lo Re, David K. Barret, and Lisa A. Palombo), Sean B. McNamara, of counsel, for Plaintiff.

Carollyn Jackson, Office of the Chief Counsel, U. S. Customs and Border Protection, Department of Homeland Security, of counsel, for Plaintiff.

Neville Peterson LLP (John M. Peterson, Maria E. Celis, and Curtis W. Knauss) for Defendants.

May 16, 2007

### OPINION & ORDER

**Carman, Judge:** The matter before this Court is Defendants' Application for Fees and Other Expenses Pursuant to the Equal Access to Justice Act ("Defendants' EAJA Application"). Defendants, David Pai a/k/a Shin Wei Pai ("David Pai"), individually and as the owner of Universal Fruits and Vegetables Corporation ("Universal Fruits"), and Jason Pai a/k/a Chung

<u>United States v. Universal Fruits & Vegetables Corp.</u>                              Page 2
Court No. 04-00431

Sheng Pai ("Jason Pai"), move for attorney's fees and expenses following this Court's dismissal of the underlying suit against them for lack of subject matter jurisdiction.  <u>See</u> <u>United States v. Universal Fruits & Vegetables Corp.</u>, 30 CIT __, 433 F. Supp. 2d 1351, 1351 (2006) ("<u>Universal Fruits V</u>").  Because this Court lacked jurisdiction to decide the merits of the underlying action, this Court does not possess jurisdiction to award attorney's fees and expenses to Defendants pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (2000). Accordingly, this Court denies Defendants' EAJA Application.

## BACKGROUND

The history of this case is a complicated one.  On November 11, 2000, the Government brought an action against Defendants pursuant to 31 U.S.C. § 3729(a)(7) (2000)[1] in federal district court for the Central District of California, Western Division ("District Court").  The Government alleged that Defendants fraudulently misrepresented the country of origin of four shipments of fresh garlic as the Republic of Korea to avoid antidumping duties assessed on fresh garlic from the People's Republic of China.  (Compl. & Demand for Jury Trial ¶ 15.)  The

---

[1] 31 U.S.C. § 3729 is known as the False Claims Act.  Section 3729(a)(7), commonly called the "Reverse False Claims Act," provides:
(a) Any person who–
* * *
(7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . . .

<u>United States v. Universal Fruits & Vegetables Corp.</u>                                    Page 3
Court No. 04-00431

District Court granted judgment in favor of the Government and ordered Universal Fruits and David Pai to pay $1,957,237 and Jason Pai to pay $1,952,237.[2]  <u>United States v. Universal Fruits & Vegetables Corp.</u>, 2001 U.S. Dist. LEXIS 25,815 (C.D. Cal. Dec. 3, 2001) ("<u>Universal Fruits I</u>").  Defendants timely appealed the judgment, arguing that the District Court lacked jurisdiction over the case because the United States Court of International Trade ("USCIT") has exclusive jurisdiction of actions involving customs duties, pursuant to 28 U.S.C. § 1582(3) (2000).  <u>United States v. Universal Fruits & Vegetables Corp.</u>, 362 F.3d 551, 554 (9th Cir. 2004).  The United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") reversed the District Court's judgment for lack of subject matter jurisdiction and dismissed the case.  <u>Id.</u> at 558.  Upon the Government's request, the Ninth Circuit amended its original decision and remanded the case to the District Court with instructions to transfer the case to the USCIT, pursuant to 28 U.S.C. § 1631 (2000).[3]  <u>United States v. Universal Fruits & Vegetables Corp.</u>, 370 F.3d 829, 831 (9th Cir. 2004) ("<u>Universal Fruits III</u>").

     This Court preliminarily accepted jurisdiction of the case.  <u>United States v. Universal Fruits & Vegetables Corp.</u>, 29 CIT __, 387 F. Supp. 2d 1251, 1253 (2005).  However, upon

---

[2] "These awards were based on the actual [customs] duties avoided of $644,079, which [were] trebled pursuant to 31 U.S.C. § 3729(a)(7), plus $5,000 in civil penalties for each of the four false statements made to the United States Customs Service, now known as the Bureau of Customs and Border Protection."  <u>United States v. Universal Fruits & Vegetables Corp.</u>, 29 CIT __, 387 F. Supp. 2d 1251, 1253 (2005).  The District Court's opinion does not explain the $5,000 difference between the judgments against Universal Fruits and David Pai compared to that of Jason Pai.  <u>See</u> <u>Universal Fruits I</u>, 2001 U.S. Dist. LEXIS at 25,815.

[3] 28 U.S.C. § 1631 provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall . . . transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time if was filed or noticed."

<u>United States v. Universal Fruits & Vegetables Corp.</u>                                           Page 4
Court No. 04-00431

subsequent examination, this Court dismissed the case for lack of jurisdiction.  <u>Universal Fruits V</u>, 433 F. Supp. 2d at 1353.  This Court reasoned that the USCIT has jurisdiction only over suits filed by the Government to recover <u>customs duties</u>, and that in this case the Government sought to recover <u>penalties and damages</u>, rather than customs duties.[4]  <u>Id.</u> at 1355.  The Government timely appealed this Court's decision to the Court of Appeals for the Federal Circuit, and the parties later voluntarily dismissed the appeal.  <u>United States v. Universal Fruits & Vegetables Corp.</u>, 204 Fed. Appx. 881 (Fed. Cir. Oct. 19, 2006).  Thereafter, Defendants timely filed an application for attorney's fees and expenses with this Court.  (Defs.' EAJA Application.)

### DISCUSSION

Pursuant to USCIT Rule 54.1, "[t]he court may award attorney's fees and expenses where authorized by law.  Applications must be filed within 30 days after the date of entry by the court of a final judgment."  USCIT R. 54.1(a).  An application for fees and expenses must "contain a citation to the authority which authorizes an award, and shall indicate the manner in which the prerequisites for an award have been fulfilled."  USCIT R. 54.1(b).  Here, Defendants cite the EAJA as authority for such an award.  The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . .

---

[4]The USCIT has jurisdiction to recover penalties in some instances.  28 U.S.C. § 1582(1) provides jurisdiction to the USCIT over suits by the Government "to recover a civil penalty under section 592, 593A, 641(b)(6), 641(d)(2)(A), 704(i)(2), or 734(i)(2) of the Tariff Act of 1930."  However, because the Government pleaded as its cause of action the Reverse False Claims Act, not the Tariff Act of 1930, section 1582(1) does not apply.

<u>United States v. Universal Fruits & Vegetables Corp.</u>                                      Page 5
Court No. 04-00431

brought by or against the United States in any court <u>having jurisdiction of that action</u> . . . ."

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

      This Court determined that it lacked jurisdiction over the underlying suit against Defendants. <u>Universal Fruits V</u>, 433 F. Supp. 2d at 1353. Regardless of Defendants' arguments regarding the significance of this Court's determination,[5] it is well-settled by the Court of Appeals for the Federal Circuit that a trial court cannot award fees pursuant to the EAJA unless the court possessed jurisdiction to decide the suit underlying the fee application. See <u>Hudson v. Principi</u>, 260 F.3d 1357, 1363 (Fed. Cir. 2001) ("This court and others have established that there cannot be an award of attorney's fees unless the court has jurisdiction of the action."); <u>Burkhardt v. Gober</u>, 232 F.3d 1363, 1367 (Fed. Cir. 2000) ("[W]e interpret the EAJA to extend only to fees and other expenses incurred before a court . . . having the power to hear and decide the underlying civil action in which the EAJA applicant incurred those fees and other expenses.");

---

     [5]Defendants argue that this "Court determined, <u>on the merits</u>, that [the Government] was not entitled to recover duties under the [False Claims Act]. The government's claim for duties, therefore, was dismissed not on jurisdictional grounds, but on the merits." (Defs.' Revised Reply Br. Addressed to Application for Atty's Fees under Equal Access to Justice Act ("Defs.' Reply") 5 (emphasis added)). Defendants incorrectly characterize this Court's decision. This Court merely determined that the Government's claim under the Reverse False Claims Act was to recover "civil penalties and damages," <u>Universal Fruits V</u>, 433 F. Supp. 2d at 1355, not duties. This Court made <u>no</u> determination on the merits of the Government's Reverse False Claims Act claim.

     In fact, the only court to decide the merits of this case, the District Court, specifically found for the Government on their Reverse False Claims Act claim. <u>Universal Fruits I</u>, 2001 U.S. Dist. LEXIS at 25,815. Of course, the Ninth Circuit reversed the District Court's decision for lack of subject matter jurisdiction and ordered the District Court to transfer the case to this Court, but <u>did not address the merits</u> of the District Court's decision. <u>Universal Fruits III</u>, 370 F.3d at 831. No court at any point in the complicated history of this case has ruled for Defendants on the merits. The irony of Defendants now claiming to be "prevailing parties" is not lost on this Court.

United States v. Universal Fruits & Vegetables Corp.                                              Page 6
Court No. 04-00431

RAMCOR Servs. Group, Inc. v. United States, 185 F.3d 1286, 1288 (Fed. Cir. 1999) ("As a predicate to an EAJA award, the awarding court must have had jurisdiction over the civil action in which the applying party prevailed."); Johns-Manville Corp. v. United States, 893 F.2d 324, 328 (Fed. Cir. 1989) (The EAJA "authorizes an award of costs only in a court 'having jurisdiction of such action'. . . . Because the [trial court] did not have jurisdiction over the civil actions brought by [the plaintiff] in this case, [the EAJA] is inapplicable and does not empower the [trial court] to award costs."); Oliveira v. United States, 827 F.2d 735, 742 (Fed. Cir. 1987) ("The EAJA specifically requires, as a basis for an award of attorney fees and other expenses, that the action be brought before a 'court having jurisdiction.'" (citation omitted)).  Having ruled that it did not possess jurisdiction over the subject matter of the Government's case, this Court similarly lacks jurisdiction to award Defendants attorney's fees or expenses pursuant to their EAJA Application.

## Conclusion

Based on the foregoing, this Court denies Defendants' EAJA Application for lack of jurisdiction.  Judgment will enter accordingly.

                                                   __/s/_Gregory_W._Carman____
                                                        Gregory W. Carman

Dated: May 16, 2007
       New York, NY

Slip Op. 07-78

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNIVERSAL FRUITS AND VEGETABLES CORPORATION; DAVID PAI, a/k/a SHIN WEI PAI; and JASON PAI, a/k/a CHUNG SHENG PAI,<br><br>　　　　　　Defendants. | **Before: Gregory W. Carman, Judge**<br><br>Court No. 04-00431 |

## JUDGMENT

Upon consideration of the papers submitted by the parties, and upon due deliberation, it is hereby

**ORDERED** that Defendants' Application for Fees and Other Expenses Pursuant to the Equal Access to Justice Act is denied for lack of jurisdiction.

The Clerk of the Court is directed to forward copies of this Judgment to counsel for the parties.

　　　　　　　　　　　　　　　　　　　　　____/s/_Gregory_W._Carman____
　　　　　　　　　　　　　　　　　　　　　　　　Gregory W. Carman

Dated: May 16, 2007
　　　　New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                     Deputy Clerk